

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-28-2004

# Santiago v. Lamanna

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4056

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Santiago v. Lamanna" (2004). *2004 Decisions.* Paper 676.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/676

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-4056
_____

ERNIE SANTIAGO,

Appellant

v.

JOHN LAMANNA, WARDEN

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 01-cv-00391E)
District Judge:  The Honorable Sean J. McLaughlin

_____

Submitted Under Third Circuit LAR 34.1(a)
May 26, 2004

BEFORE: SLOVITER, NYGAARD, and ROTH, Circuit Judges.

(Filed May 28, 2004)

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

We are now ready to consider this expedited appeal, which was held in abeyance pending disposition of a writ of habeas corpus in the United States Court of Appeals for the First Circuit. On March 4, 2004, the First Circuit denied appellant Ernie Santiago a certificate of appealability. Likewise, we will not reach the merits of Santiago's claims. We lack subject matter jurisdiction, and therefore will affirm the District Court's dismissal.

I.

Because we write solely for the benefit of the parties, we recount the facts only as they pertain to our analysis. Santiago was convicted of unlawfully possessing a firearm as a felon, 18 U.S.C. § 922(g)(1). He was sentenced by the District Court for the District of Massachusetts to fifteen years imprisonment, based on an enhancement for being a career criminal, 18 U.S.C. § 924(e). One of Santiago's three prior felony convictions that supported the enhancement was later vacated by a state court.

Santiago argues before us, as he did before the First Circuit and the District Courts in both Pennsylvania and Massachusetts, that the vacatur of his prior state sentence entitles him to a new federal sentencing hearing. Despite the arguments being

2

identical, Santiago brought his claims under different provisions; here, his petition is under 28 U.S.C. § 2241, and before the First Circuit, his petition was under 28 U.S.C. § 2255.

We concluded that we should not consider this appeal until the First Circuit had acted on Santiago's § 2255 petition, because that is the preferred method for a prisoner challenging the legality of his detention. *See In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997) ("Ever since 1948, when Congress enacted § 2255 to allow for collateral review of the sentences of federal prisoners in the trial court, that section, rather than § 2241, has been the usual avenue for federal prisoners seeking to challenge the legality of their confinement."). We thus held the case in abeyance pending resolution in the First Circuit.

The First Circuit denied Santiago a certificate of appealability, noting that, at the time of his federal sentencing, Santiago had available to him all necessary information to challenge the career criminal enhancement. As a result, the First Circuit held that Santiago's § 2255 petition was untimely.[1] Santiago v. United States, No. 03-1595 (1st Cir. Mar. 4, 2004). We subsequently vacated the stay entered by our court and now consider Santiago's § 2241 petition.

---

1.      After the First Circuit entered its order on March 4, 2004 denying Santiago a certificate of appealability, Santiago filed a second § 2255 petition in that court. On April 14, 2004, the First Circuit denied Santiago leave to file a second or successive motion pursuant to § 2255.

II.

Having failed on his § 2255 petition in the District Court for the District of Massachusetts and the United States Court of Appeals for the First Circuit, Santiago asserts that he is entitled to relief under § 2241. Prisoners may proceed under § 2241 only if the "safety valve" of § 2255, as amended by AEDPA, is triggered. Santiago argues that because the First Circuit refused to review his conviction, the § 2255 procedure is "inadequate or ineffective." See Dorsainvil, 119 F.3d at 251.

A prisoner cannot "invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255." Id. Only when the prisoner is in the unusual position of having no earlier opportunity to challenge his conviction for a crime can he avail himself of § 2241. See id.

Santiago already had a meaningful opportunity to present his claim. See Santiago v. United States, No. 04-1346 (1st Cir. Apr. 14, 2004) ("Santiago repeatedly contends that he could not have brought forward his current claim until his state conviction was vacated. But, . . . all of the deficiencies that he alleged with respect to his state court conviction . . . would have been evident at the time of the 1992 plea."). Santiago thus cannot rely on Dorsainvil's allowance of certain § 2241 petitions, because his § 2255 remedy is neither inadequate nor ineffective. Accordingly, we lack jurisdiction to review Santiago's § 2241 petition.

4

Finally, we agree with the District Court that we do not run afoul of the Constitution by refusing Santiago relief under § 2241. It is unambiguous that § 2255 and the other gatekeeping provisions of AEDPA pass constitutional muster. See, e.g., Felker v. Turpin, 518 U.S. 651, 664 (1996) (holding that AEDPA does not amount to a suspension of the writ contrary to Article I, §9).

III.

For the reasons set forth, we will affirm the District Court's dismissal of Santiago's petition.